UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

JANINE K. MOORE and FRANCIS R.
MOORE,

                Debtors.

Case No. 21-02066-swd
Chapter 7
Hon. Scott W. Dales

_____/

## MEMORANDUM OF DECISION AND ORDER

     PRESENT:    HONORABLE SCOTT W. DALES
                         Chief United States Bankruptcy Judge

While their bankruptcy case was pending under chapter 13 but before they converted it to chapter 7, debtors Janine K. Moore and Francis R. Moore (the "Debtors"), through counsel, filed an Objection to Claim #1 Filed by JC Gemini III-LLC (ECF No. 24, the "Objection").

At the first hearing to consider the Objection, post-conversion, the court suggested to Debtors' counsel that his clients may lack standing to prosecute the Objection after the conversion, unless they could show a realistic prospect of a surplus, and therefore distribution to the Debtors, under 11 U.S.C. § 726. The court adjourned the hearing to January 25, 2022, in Kalamazoo, Michigan, to give the Debtors an opportunity to consider their standing and, if so advised, withdraw the Objection in advance. They did not withdraw the Objection before the adjourned hearing, and did not appear at the hearing, but their chapter 7 trustee Stephen L. Langeland (the "Trustee") appeared and opposed the Objection.

At the adjourned hearing, the Trustee reported that he has not yet closed the first meeting of creditors, but that his review of the schedules suggests that the Debtors' case would likely be a "no asset case," which is to say, that there would be no distribution to creditors let alone any surplus for the Debtors. The court notes, too, that the Debtors' proposed chapter 13 plan recited a liquidation value of $0.00, which corroborates the Trustee's prediction, and further undermines their standing to prosecute the Objection.

Because the Debtors did not appear at the adjourned hearing, they failed to establish their standing to prosecute the Objection, *In re B & P Baird Holdings, Inc.*, No. 1:12–cv–32, 2012 WL 4501016 (W.D. Mich. Sept. 28, 2012), and the court announced its intention to overrule it.

If the Trustee later determines, however, that some purpose would be served by *his* objecting to the claim of JC Gemini III-LLC, nothing in today's decision precludes him from doing so.  11 U.S.C. § 704(a)(5) (trustee may object to claims "if a purpose would be served").

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objection is OVERRULED for lack of standing.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Janine K. Moore and Francis R. Moore, Paul F. Davidoff, Esq., Stephen L. Langeland, chapter 7 trustee, the United States Trustee, and JC Gemini III-LLC.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 25, 2022**



Scott W. Dales
United States Bankruptcy Judge