UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

––––––––––––––––––

In re:

JANINE K. MOORE and FRANCIS R.          Case No. DK 21-02066
MOORE,                                   Chapter 7
                                         Hon. Scott W. Dales
                 Debtors.

–––––––––––––––––––––––––––––––––––/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

Paul F. Davidoff, Esq., filed his Corrected Verified Motion to Approve First Interim Attorneys' Fees and Expenses (ECF No. 59, the "Fee Application") using the notice and opportunity procedure prescribed in LBR 9013(c). Through the Fee Application, Mr. Davidoff seeks approval of his fee for representing the Debtors during the chapter 13 phase of their case as an administrative expense under 11 U.S.C. § 330(a)(4).[1] In addition to approval of his fees, Mr. Davidoff requests an order compelling the former chapter 13 trustee, Barbara P. Foley, Esq., to remit to him the preconfirmation payments she collected under § 1326 before his clients converted their case to chapter 7.

Although the Fee Application drew no objection, the court set it for hearing, which took place on February 22, 2022, in Kalamazoo, Michigan. Mr. Davidoff appeared in support of the Fee Application; Kurt Steinke, Esq., appeared on behalf of the former chapter 13 trustee, Ms. Foley, who took no position. Mr. Steinke, however, helpfully reported that his client is holding

––––––––––––––––––

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. In addition, the court will refer to any Federal Rule of Bankruptcy Procedure or Federal Rule of Civil Procedure simply as "Rule ___," relying on the numbering convention for each set of rules to signal the intended reference.

$4,560.00 representing preconfirmation plan payments made from the Debtors' post-confirmation wages.

For the reasons given on the record, and those set forth in this Memorandum of Decision and Order, the court will approve the Fee Application in part, and deny it in part.

First, with respect to the reasonableness of the fees requested, including the rates and hours expended, the court has no quarrel, and no interested party has objected.  Mr. Davidoff is entitled to an order approving his fee under § 330(a)(4) in the amount of $3,810.00, plus reasonable expenses of $45.52, for a total award of $3,855.52.  To that extent, the court will grant the Fee Application.

Second, with respect to the request to order Ms. Foley to satisfy Mr. Davidoff's resulting administrative claim under § 503(b)(2) by remitting the funds (or some portion) that she has retained under § 1326 after the conversion to chapter 7, the court is unwilling to do so.  As the court endeavored to make clear in *In re Post*, 572 B.R. 678 (Bankr. W.D. Mich. 2017), and in the order denying Mr. Davidoff's earlier fee petition, directing the chapter 13 trustee simply to satisfy administrative claims from funds on hand (i) ignores the requirements of § 726(b), which subordinates administrative claims in the chapter 13 phase of the case to administrative claims in the chapter 7 phase, and (ii) offends § 348(f)(1) by using the Debtors' funds – non-estate property – to satisfy administrative claims.

It bears repeating that when the Debtors converted their case from chapter 13 to chapter 7, the court afforded all interested parties the opportunity to seek an order declaring that the Debtors effected the conversion in bad faith.  *See* Notice of Conversion of Case Under Chapter 13 to Case Under Chapter 7 Together with Related Order dated Dec. 20, 2021 (ECF No. 50, the "Conversion

Order").[2]  Significantly, no party-in-interest offered a hint of bad faith -- in fact no one filed a motion seeking such a declaration to that effect in response to the Conversion Order.  The court concludes, therefore, that the Debtors converted their case in good faith.  This means that, under § 348(f), the post-petition property the chapter 13 trustee collected and is retaining under § 1326 is not included in the Debtors' chapter 7 estate.[3]  The court is unwilling to require application of non-estate property to the payment of an administrative expense, which is effectively the relief Mr. Davidoff requested through the second aspect of the Fee Application.

At the hearing Mr. Davidoff argued that, because his clients' plan was not confirmed, Ms. Foley must return preconfirmation payments to his clients, but only "after deducting any unpaid claim allowed under section 503(b)."  *See* 11 U.S.C. § 1326(a)(2).  The court perceives at least two shortcomings with the argument.  First, after conversion of the case, Ms. Foley no longer serves as the chapter 13 trustee. *Harris v. Viegelahn*, 575 U.S. 510, 515 (2015) (citing § 348(e)).  Second, even assuming Ms. Foley continued to exercise the powers of a chapter 13 trustee after the conversion, the text of the statute does not require a post-conversion trustee to *pay allowable* administrative claims, but only to *deduct* from the payment to the debtors any unpaid claims that have been "allowed" as administrative claims. Strictly speaking, deducting is not equivalent to paying,[4] and until a court rules on a request for allowance of an administrative expense (such as the current Fee Application), such a claim is not "allowed."[5] Indeed, if the court were to deny Mr.

---

[2] Although Rule 1017(f)(3) permits a chapter 13 debtor to convert a case under § 1307(a) on notice without an order, the court typically issues an order such as the Conversion Order in this case precisely to address the possibility of a bad faith conversion and the effect of the conversion on property of the estate.

[3] The court notes that the chapter 7 trustee filed a report of "no distribution" on Feb. 4, 2022, perhaps indicating his agreement that the funds in the hands of the chapter 13 trustee are not included within the chapter 7 estate.  The chapter 7 trustee, though present during the hearing, declined to appear despite the court's invitation.

[4] Without specific direction in the statute regarding the payment of the funds deducted, the concerned trustee or former trustee may seek instruction from the court.

[5] The court concedes that the timing of the conversion and any return of funds to the debtor under § 1326(a)(2) may affect the distribution, but the "fortuity" is a consequence of Congressional decisions and policy choices that the Supreme Court tells us we must live with.  *Harris*, 575 U.S. at 521.

Davidoff's Fee Application, § 348(d) would require the court to treat him as an ordinary creditor with a prepetition claim, and *Harris* makes clear that in returning funds to the debtor under § 1326(a)(2) a former trustee is not to pay creditors.  *See Harris*, 575 U.S. at 518; *see also* 11 U.S.C. § 101(10) (defining "creditor"); *id.* § 348(a) and (d).  The most we can say about § 1326(a)(2) is that it works better in cases that have not been converted to chapter 7, but that in cases of conversion, judicial direction may be required.

At the hearing Mr. Davidoff stated, and the court has no reason to doubt, that his clients want him to receive payment for his legal advice and service.  The solution that the court announced on the record – requiring the former chapter 13 trustee to remit the funds to Mr. Davidoff as the Debtors' agent to be held in his client trust account subject to further, consensual distribution under applicable non-bankruptcy law – will permit them to do so.  *Cf. In re Acevedo*, Slip Op. Case No. DG 12-06576, 2015 WL 3373030, at *5 (Bankr. W.D. Mich. Jan. 26, 2015) (permitting chapter 13 debtors' counsel to satisfy his claim for compensation and reimbursement of expenses in accordance with applicable non-bankruptcy law and his agreement with the clients).  Of course, Mr. Davidoff would have to deduct whatever payment he received from the Debtors from any payment under the provisions of § 726, however unlikely in this case.  *See, supra, n. 3.*

Respectfully, although the Eastern District of Michigan decision upon which Mr. Davidoff relies has much to recommend it,[6] it does not adequately address the statutory distribution concerns that prompted the court to deny Mr. Davidoff's first fee application and set the second application for hearing.  Again, the court cannot abide using non-estate property to satisfy administrative claims, or giving the claims super-priority contrary to § 726(b), even if doing so seems to be more equitable to attorneys in Mr. Davidoff's position.  *Law v. Siegel*, 571 U.S. 415, 421 (2014) (… "in

---

[6] *In re Arnold*, Slip Op. Case No. 19-54252 (Bankr. E.D. Mich. May 12, 2020).

exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions").

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.    The Fee Application is GRANTED IN PART and DENIED IN PART;

2.    Mr. Davidoff has an allowed administrative expense under § 330(a)(4) in the amount of $3,855.52, representing reasonable attorneys' fees and expenses payable from property of the estate or the Debtors; and

3.    The former chapter 13 trustee shall promptly remit the funds she retained under § 1326 to Mr. Davidoff as agent for the Debtors, who shall hold the funds in his client trust account pending further distribution in accordance with applicable non-bankruptcy law or the agreement of his clients.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order upon Janine K. Moore, Francis R. Moore, Paul F. Davidoff, Esq., Barbara P. Foley, Esq., Stephen L. Langeland, Esq., chapter 7 trustee, the United States Trustee, and all creditors appearing on the Debtors' mailing matrix.

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 24, 2022**



Scott W. Dales
United States Bankruptcy Judge